THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN KIHNKE, *et al.*, | CASE NO. C21-0011-JCC |
| Plaintiffs, | ORDER |
| v. | |
| LM INSURANCE CORPORATION, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants LM Insurance Corporation and Liberty Insurance Corporation's (collectively "Liberty Mutual") motion to dismiss or alternatively to transfer venue (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion and TRANSFERS this case to the Western District of Michigan —Southern Division (1) for the reasons explained herein.

I.   BACKGROUND

This case arises out of an insurance coverage dispute involving Liberty Mutual's alleged duty to defend and indemnify Plaintiffs L&K Coffee LLC *dba* Magnum Roastery, and Kevin Kihnke, the sole member of L&K Coffee LLC ("L&K"). (*See generally* Dkt. No. 27.) Plaintiffs are two of many defendants named in a putative class action pending in this District, *Bruce Corker, et al., v. L&K Coffee Co. LLC, et al.,* Case No. C19-0290-RSL (W.D. Wash.). In that

uncertified putative class action, Kona coffee farmers located in Hawaii allege that a variety of defendants, including L&K and Kihnke, sell "run-of-the-mill commodity coffee and label[] it as Kona coffee." (Dkt. No. 27[1] at 6 (citing *Corker,* Case No. C19-0290-RSL).) The Kona coffee farmers assert that by doing so, L&K and Kihnke "disparage[] the authentic coffee grown, harvested, and sold" by the coffee farmers because the product sold by L&K and Kihnke is "inferior" to the product produced by the Kona coffee farmers. (*Id.* at 6–7.) While some of the defendants in the putative class action have entered into court-approved class settlement agreements, no such agreement has been reached as of the date of this order between the Kona coffee farmers and L&K and Kihnke. *See generally Corker,* Case No. C19-0290-RSL (W.D. Wash.).

In this case, Plaintiffs L&K and Kihnke allege that Liberty Mutual breached its insurance agreements with Plaintiffs and engaged in bad faith and unlawful consumer trade practices when it declined to adequately investigate its coverage obligations resulting from the putative class action. (*See* Dkt. No. 27 at 10–25.) Liberty Mutual now moves to dismiss or alternatively transfer this case to the Western District of Michigan, where Liberty Mutual first brought a declaratory judgment action seeking a declaration that it is not obligated to cover L&K in the putative class action. (*See* Dkt. No. 21 at 7 (citing *LM Ins. Corp., et al., v. L&K Coffee LLC*, Case No. C20-0806-JTN (W.D. Mich. 2021)).)

In moving to dismiss or alternatively transfer this coverage dispute to the Western District of Michigan, Liberty Mutual argues dismissal is warranted because (1) this Court lacks subject matter jurisdiction, (2) venue is improper, and (3) Plaintiff's suit should be dismissed under the "first to file" rule. (Dkt. No. 21 at 13–19.) Liberty Mutual further asks the Court, if it

---

[1] After receiving leave from the Court, (*see* Dkt. No. 26), Plaintiffs filed a Second Amended Complaint ("SAC") (Dkt. No. 27) solely to cure deficiencies in their prior complaint's diversity jurisdiction allegations. As indicated in the Court's minute order (Dkt. No. 26) the SAC is now the operative complaint for purposes of Liberty Mutual's motion to dismiss or transfer venue (Dkt. No. 21).

finds that dismissal is not warranted, to transfer this case to the Western District of Michigan for further consideration. (*Id.* at 19–22.) The first argument was mooted by Plaintiffs' subsequently filed Second Amended Complaint, which the Court now considers to be the operative complaint for purposes of Liberty Mutual's motion. (*See* Dkt. Nos. 26, 27.) The remaining arguments are addressed below.

## II.   DISCUSSION

Liberty Mutual filed its declaratory judgment complaint with the District Court for the Western District of Michigan–Southern Division (1) on August 24, 2020, *see LM Ins. Corp.*, Case No. C20-0806-JTN, Dkt. No. 1. At the time, only L&K was named as a defendant in the putative class action. *See Corker,* Case No. C19-0290-RSL, Dkt. No. 271. The Kona coffee farmers added Mr. Kihnke as a defendant on January 8, 2021. *See id.* at Dkt. No. 381. Liberty Mutual attempted, that same day, to add Mr. Kihnke to its declaratory judgment action by filing an amended complaint, but the Honorable Janet T. Neff, District Judge for the Western District of Michigan–Southern Division (1), struck the proposed complaint. *See LM Ins. Corp.*, Case No. C20-0806-JTN, Dkt. No. 31. Liberty Mutual has since moved for reconsideration of that order. *Id.* at Dkt. No. 32. Moreover, Liberty Mutual represents to this Court that, should its motion for reconsideration be denied by Judge Neff, it will seek leave to amend its declaratory judgment complaint to add Mr. Kihnke as a Defendant in that action. (Dkt. No. 25 at 11.)

### A.   Venue

Liberty mutual seeks to dismiss the case for improper venue or transfer to the Western District of Michigan. The venue statute provides that a civil action based on diversity generally must be brought in either "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *See* 28 U.S.C. § 1391 (also allowing a case to be brought in a district "in which any defendant is subject to personal jurisdiction at the time the action is commenced," but

only if no other district satisfies either of the first two criteria). Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to any other district court in which the action may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."

A court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted). A motion to transfer venue requires a court to weigh multiple factors in its determination whether transfer is appropriate, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99.

Plaintiffs, in opposing dismissal or a transfer, argue that the subject matter of their suit is Liberty Mutual's failure to defend or indemnify them in a suit brought in the Western District of Washington and, on this basis, venue is most appropriate here. (Dkt. No. 24 at 19–23.) The Court disagrees. An application of the *Jones* factors compels a transfer of this case to the Western District of Michigan—Southern Division (1).

The Court concludes that the subject matter of the suit is the insurance agreements between the parties, which were indisputably negotiated and executed in Michigan, where Plaintiffs' base of operations is. (Dkt. Nos. 27 at 3, 15, 16; 21 at 21.) Moreover, while the parties contest whether a court will need apply Washington or Michigan law to resolve Plaintiffs' claims, it is irrelevant for purposes of this Court's determination. Any federal court is equipped to apply a distant state law when the law is not complex, as is the case here—insurance coverage disputes are amongst the most common disputes federal courts are asked to resolve. *See Jones*, 211 F.3d at 498; *Stanbury Elec. Engr., LLC v. Energy Prods., Inc.*, 2016 WL 3255003, slip op. at

4 (W.D. Wash. 2016). And here, neither party asserts that the relevant law will be particularly complex. (*See* Dkt. Nos. 21 at 22–30, 24 at 27–29.)

Although a plaintiff's choice of forum receives substantial deference and a defendant must "make a strong showing of inconvenience" to upset that choice, *see Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), a plaintiff's preference is not dispositive, *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Courts are hesitant to defer to a plaintiff's choice of forum when the case lacks strong ties to that district. *See Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005). This is just such a case.

Fundamentally, this is a dispute regarding the terms of an insurance contract negotiated and executed in Michigan that contains Michigan-specific insurance provisions and applies to actions Plaintiffs take nationally. (*See* Dkt. No. 27 at 53, 113, 115, 122, 266 (policy language)[2].) Moreover, Plaintiffs' alleged Lanham Act violations, the subject of the Washington litigation, occurred throughout the country and have no more connection to Washington than any other state. (*See* Dkt. No. 27 at 14–19.) Even considering the presumption in favor of Plaintiff's choice of forum, the Court finds that the lack of strong connections to Washington weigh in favor of transfer.

In addition, Plaintiffs do not plausibly argue that their Washington contacts exceed their contacts in Michigan, nor would the Court expect they could reasonably do so, given the fact that L&K's principal place of business is Nunica, Michigan and, by Plaintiffs' own admission, it "sells coffee products throughout the United States." (*See* Dkt. No. 27 at 3.) Similarly, the Court is at pains to discern how, given the location of L&K's operations, the parties' litigation costs would be higher in Michigan than in Washington. For the same reasons, it would appear that the sources of proof would similarly be at least equally accessibly in Michigan versus Washington.

---

[2] The Court may take judicial notice of documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice without converting a motion to dismiss into a motion for summary judgment. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

In light of this analysis, transfer is the appropriate remedy in this case. Although a plaintiff's choice is afforded substantial deference, the Court concludes that Plaintiffs' choice here does not overcome the other factors that are either neutral or weigh in favor of transfer. While Washington and Michigan courts are equally equipped to handle the case, Michigan provides the most appropriate venue. Because venue in Michigan is appropriate, the Court need not decide whether venue is improper in Washington. Instead, the Court finds that transfer to the Western District of Michigan is "in the interest of justice." 28 U.S.C. § 1404(a).[3]

### III.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Liberty Mutual's motion to dismiss or, in the alternative, transfer venue, (Dkt. No. 21), and TRANSFERS this case to the U.S. District Court for the Western District of Michigan—Southern Division (1). The Clerk is DIRECTED to close this case.

DATED this 14th day of April 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] The Court also declines Liberty Mutual's request to dismiss this suit based upon the "first to file" rule, given the rule's discretionary nature. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.") (internal citation and quotation marks omitted).